IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL DORANDO<br>4105 Meadow Wood Lane<br>Uniontown, Ohio 44685 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| STARK COUNTY COMMUNITY ACTION<br>AGENCY<br>c/o Rodney Reasonover<br>1366 Market Ave. N.<br>Canton Oh 44714 | )<br>)<br>)<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| Defendant | ) | |

Plaintiff, Paul Dorando, by and through undersigned counsel, as his Complaint against the Stark County Community Action Agency, states and avers the following:

### PARTIES

1. Dorando is a resident of the city of Green, county of Summit, state of Ohio.

2. Stark County Community Action Agency ("SCCAA") is a corporation for nonprofit which operates a business located at 1366 Market Avenue North Canton, Ohio 44714.

3. All material events alleged in this Complaint occurred in county of Stark.

### JURISDICTION & VENUE

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Dorando is alleging a Federal Law Claim under the Americans with Disabilities Act ("ADA") 42 U.S.C. 126 § 12101 et seq., and The Family Medical Leave Act ("FMLA"), 29 U.S.C § 2601, et seq.

5. This Court has supplemental jurisdiction over Dorando's state law claims pursuant to 28 U.S.C. § 1367 as Dorando's state law claims are so closely related to his federal law claims

that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7. Within 300 days of the conduct alleged below, Dorando filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2018-02124.

8. More than 180 days have passed since the May EEOC Charge of Discrimination was filed.

9. On or about April 23, 2019, the EEOC issued and mailed a Notice of Right to Sue letter to Dorando regarding the Charges of Discrimination brought by Dorando.

10. Dorando received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) – which has been attached hereto as Plaintiff's Exhibit A.

11. Dorando has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

12. Dorando has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

13. Dorando is a former employee of SCCAA.

14. SCCAA hired Dorando in or about April 2016.

15. SCCAA employed Dorando as an adult job readiness instructor.

16. Dorando provided life skills for adults, taught how to write cover letters, and interview.

17. Dorando had little to no meaningful history of discipline during his tenure with SCCAA.

18. In or around June 2017, Dorando suffered from back and hip pain.

19. In or around June 2017, Dorando required time off for spinal surgery.

20. Dorando requested time off from his supervisor, Theresa Gary.

21. SCCAA approved this time off under FMLA leave.

22. In or around the end of August 2017, Dorando returned to work.

23. In or around November 2017, Dorando's doctor told him he would need a hip surgery in the near future.

24. In or around November 2017, Dorando advised Gary that he would need hip surgery in the near future.

25. In or around November 2017, Dorando informed Gary that he would need to utilize additional FMLA time in the future for hip surgery.

26. In or around December 2017, Rodney Reasonover (CEO), Rudolph Herter (Human Resources) and Teresa Gary (Dorando's supervisor) brought in Dorando along with three other individuals to discuss removal of their positions. ("Job Removal")

27. During the Job Removal, Dorando was told that SCCAA is changing routes and creating new positions and Dorando could reapply if he so chose. ("New Positions")

28. In or around the beginning of January 2018, Dorando applied to the New Position created by SCCAA.

29. The New Positions created by SCCAA had similar job duties as Dorando.

30. In or around the beginning of January 2018, Dorando interviewed for the New Position.

31. SCCAA did not hire Dorando for the New Position.

32. During the Job Removal, SCCAA told Dorando that his position would be terminated January 30, 2018.

33. On or around January 23, 2018, SCCAA told Dorando that his termination date would be February 14, 2018.

34. Upon information and belief, Dorando was replaced by someone with little to no experience.

35. Upon information and belief, Dorando was replaced by someone that did not suffer from a disability.

36. Upon information and belief, Dorando was replaced by a female.

37. Upon information and belief, Linda Moore replaced Dorando.

### **COUNT I: RETALIATION IN VIOLATION OF THE FMLA**

38. Dorando restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

39. The FMLA permits covered employees extended time away from work, to handle certain family or medical needs.

40. An employer is required to provide eligible employees with a maximum of twelve weeks of leave if the employer is a private business engaged in, or affecting, interstate commerce, that employed fifty or more employees in twenty or more weeks in the current or prior calendar year.

41. A covered employee must have worked for the employer at least twelve months, and at least 1,250 hours over the immediately preceding twelve months prior to the need for leave. The Family and Medical Leave Act of 1993.

42. Employers are prohibited from discriminating or otherwise retaliating against an employee for exercising her rights under the FMLA. FMLA § 2615.

43. Dorando worked at least twelve months with SCCAA prior to his request for leave.

44. Dorando worked at least 1,250 hours prior in the immediately preceding twelve months prior to his request for leave.

45. Dorando utilized FMLA leave June 2017 through August 2017.

46. SCCAA terminated Dorando in retaliation for utilizing FMLA leave.

47. As a direct and proximate result of the SCCAA's conduct, Dorando suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

48. As a direct and proximate result of SCCAA's wrongful conduct, Dorando is entitled to all damages provided for in the FMLA, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT II: PERCEVIED DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. 126 § 12101 *et seq*.

49. Dorando restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

50. Dorando suffers from back and hip pain.

51. As a result of suffering from the symptoms of back and hip pain, SCCAA perceived Dorando as being disabled.

52. Dorando's condition constituted a physical impairment.

53. Dorando's condition substantially impaired one or more of his major life activities including working.

54. SCCAA perceived Dorando's condition to substantially impair one or more of his major life activities including working.

55. SCCAA treated Dorando differently than other similarly-situated employees based on his disabling condition.

56. SCCAA treated Dorando differently than other similarly-situated employees based on his perceived disabling condition.

57. SCCAAs terminated Dorando's employment based on his perceived disability.

58. SCCAA violated 29 U.S.C. § 621 *et seq.* when it discharged Dorando based on his perceived disability.

59. SCCAA violated 29 U.S.C. § 621 *et seq.* by discriminating against Dorando based on his perceived disabling condition.

60. Dorando suffered emotional distress as a result of SCCAAs' conduct, and is entitled emotional distress damages pursuant to 29 U.S.C. § 621 *et seq*.

61. As a direct and proximate result of SCCAA's conduct, Dorando suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT III: PERCEIVED DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.02

62. Dorando restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

63. Dorando suffers from back and hip pain.

64. As a result of suffering from the symptoms of back and hip pain, SCCAA perceived Dorando as being disabled.

65. Dorando's condition constituted a physical impairment.

66. Dorando's condition substantially impaired one or more of his major life activities including working.

67. SCCAAs perceived Dorando's condition to substantially impair one or more of his major life activities including working.

68. Despite Dorando's disability, he was able to perform his essential job functions with or without reasonable accommodation.

69. SCCAA treated Dorando differently than other similarly-situated employees based on his disabling condition.

70. SCCAAs treated Dorando differently than other similarly-situated employees based on his perceived disabling condition.

71. SCCAAs terminated Dorando's employment based on his perceived disability.

72. SCCAAs violated R.C. § 4112.01 *et seq.* when it discharged Dorando based on his perceived disability.

73. SCCAAs violated R.C. § 4112.01 *et seq.* by discriminating against Dorando based on his perceived disabling condition.

74. Dorando suffered emotional distress as a result of SCCAAs' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

75. As a direct and proximate result of SCCAAs' conduct, Dorando suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Paul Dorando demands from SCCAA the following:

(a) Issue an order requiring SCCAA to restore Dorando to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against SCCAA of compensatory and monetary damages to compensate Dorando for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against SCCAA in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Dorando's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

                              Respectfully submitted,

                              */s/ Trisha M. Breedlove*
                              Fred M. Bean (0086756)
                              Trisha M. Breedlove (0095852)
                              **THE SPITZ LAW FIRM, LLC**
                              25200 Chagrin Boulevard, Suite 200
                              Beachwood, OH 44122
                              Phone: (216) 291-4744
                              Fax:  (216) 291-5744
                              Email:  trisha.breedlove@spitzlawfirm.com

                              *Attorneys for Plaintiff Paul Dorando*

## **JURY DEMAND**

Plaintiff Paul Dorando demands a trial by jury by the maximum number of jurors permitted.

                              */s/ Trisha M. Breedlove*
                              Fred M. Bean (0086756)
                              Trisha M. Breedlove (0095852)
                              **THE SPITZ LAW FIRM, LLC**